UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| TROY A. LEWIS ) <br> 20079 STONE OAK PARKWAY, STE 1105-506 ) <br> SAN ANTONIO, TX  78258 ) <br>  ) <br>  ) CASE NO: 1:23-cv-1074 <br> PLAINTIFF, ) <br>  ) <br> V. ) <br>  ) <br> THE HONORABLE CARLOS DEL TORO ) <br> SECRETARY THE NAVY ) <br> 720 KENNON ST., SE, ROOM 233 ) <br> WASHINGTON NAVY YARD, DC 20374-5013 ) <br>  ) <br> DEFENDANT. ) <br>  ) <br> ALSO SERVE: ) <br>  ) <br> 1. JESSICA D. ABER ) <br>    THE UNITED STATES ATTORNEY FOR ) <br>    THE EASTERN DISTRICT OF VIRGINIA ) <br>    2100 JAMIESON AVENUE ) <br>    ALEXANDRIA, VA 22314 ) <br>  ) <br>        AND ) <br>  ) <br> 2. MERRICK B. GARLAND ) <br>    THE ATTORNEY GENERAL OF THE ) <br>    UNITED STATES ) <br>    950 PENNSYLVANIA AVENUE, NW ) <br>    WASHINGTON, D.C. 20530-0001 ) | |

<u>COMPLAINT</u>

This is a complaint for declaratory judgment to declare the decisions of the Board for Correction of Naval Records (BCNR) denying relief to Plaintiff to have been in error.

## JURISDICTION

1. Jurisdiction in this matter is conveyed by 28 U.S.C. § 1331 and by the Administrative Procedure Act, 5 U.S.C. § 702 et seq.

## VENUE

2. Venue is proper as the Defendant is found in this District.

## THE PARTIES

3. Plaintiff, Mr. Troy Lewis, is a veteran of the United States Navy and current citizen of the District of Columbia.

4. Defendant, The Honorable Carlos Del Toro, in his official capacity is the Secretary of the Navy.

## FACTS

5. Plaintiff originally enlisted in the United States Navy in 1987 and served as an enlisted Member until May 2002.

6. In June of 2002, Plaintiff was commissioned as an officer in the Navy.

7. Plaintiff was arrested by civilian authorities in April 2007, for attempted coercion of a minor and travel with intent to engage in illicit sexual conduct.

8. Plaintiff was convicted in US District Court in September 2007, and was placed in confinement.

9. While in confinement, Plaintiff was notified of "show cause" proceedings by the Navy.

10. Plaintiff, through counsel, requested to be present at his Board of Inquiry (BOI), but the BOI proceeded over his objection.

11. The BOI recommended his discharge from the Navy with an Other Than Honorable characterization of service.

12. On August 9, 2013, Mr. Lewis filed a lawsuit at the U.S. Court of Federal Claims seeking backpay for the wrongful discharge, *Lewis v. United States*, 114 Fed. Cl. 682, 2014 US Claims LEXIS 281. The Court determined that the BOI proceedings violated the Navy's regulations and that Plaintiff was not provided with notice of all his rights. The Court also held that '[a]lthough the proceedings before the Board of Inquiry were improper, the Court cannot award [Plaintiff] any relief at this time.' The Court recognized that it had no jurisdiction to award equitable relief.

13. Plaintiff petitioned the BCNR for relief in a filing dated 2 December 2020, in BCNR Docket No. 8734-20. In this filing, Plaintiff requested:

    a. to be evaluated by a medical evaluation board and be medically retired from the U.S. Navy;

    b. to receive back pay, to include allowances, and entitlements for the wrongful and illegal discharge;

    c. to eliminate all improper debts asserted against him by the U.S. Navy; and

    d. to destroy all other records not consistent with this relief.

14. In a decision dated 22 January 2022, the BCNR granted Plaintiff partial relief. The BCNR concurred with the Federal Court of Claims that Plaintiff's BOI was conducted improperly, rendering the BOI null and void.

15. However, rather than reinstating Plaintiff, the BCNR fashioned another remedy, one Plaintiff did not request and one that did not actually address the error.

16. In its decision, the BCNR states it considered reinstating Plaintiff to active duty for the purposes of reconvening the BOI, but noted this relief was not requested by Plaintiff and more likely than not would result in the same result for Plaintiff. Based on that logic, the BCNR determined it was in Plaintiff's favor to change his narrative reason for separation rather than order him into active service for another BOI. The BCNR also noted that if Plaintiff "should feel otherwise, he may always request reconsideration of this Board's decision."

17. Plaintiff did indeed seek reconsideration of BCNR Docket No. 8734-20 in a new filing dated 10 October 2022, in BCNR Docket No. 7981-22. In this filing, Plaintiff requested reconsideration of the previous BCNR denial, including:

    a. reinstatement to his rank at the time of his erroneous discharge, along with any and all back pay, to include allowances and entitlements, dating back to the effective date of his erroneous separation;

    b. referral to the Integrated Disability Evaluation System (IDES) for evaluation for permanent medical retirement;

    c. Any other equitable and just relief.

18. In a decision dated 17 May 2023, the BCNR again denied relief.

## CAUSE OF ACTION

19. The 2022 BCNR decision to fashion a remedy that Plaintiff did not request, did not have an opportunity to comment on, and did not actually correct the error at issue was arbitrary and

capricious agency action, was unsupported by substantial evidence, not in accordance with the law and Navy regulation, or otherwise constituted an injustice.

20. The 2023 BCNR conclusion that it was in Plaintiff's favor to change his narrative reason for separation rather than order him into active service for another BOI was arbitrary and capricious agency action, was unsupported by substantial evidence, not in accordance with the law and Navy regulation, or otherwise constituted an injustice.

## PRAYER FOR RELIEF

21. WHEREFORE, Plaintiff respectfully requests that:

This Honorable Court order a remand for Defendant to take corrective action consistent with law and regulation;

This Honorable Court order a remand for Defendant to reinstate Plaintiff to Active Duty at his rank at the time of his erroneous discharge with any and all back pay, to include allowances and entitlements, dating back to the effective date of his erroneous separation;

This Honorable Court order a remand for Defendant to refer Plaintiff to the Integrated Disability Evaluation System (IDES) for evaluation for permanent medical retirement;

This Honorable Court grant such other relief as deemed appropriate;

This Honorable Court grant attorney's fees.

Respectfully submitted,

August 11, 2023.

BRIAN A. PRISTERA
Counsel for Plaintiff
Virginia Bar #90253

20079 Stone Oak Parkway  
Suite 1105-506  
San Antonio, TX  78258  
Ph:  804-337-7200  
Email: pristera@militaryattorney.com  
Fax: 210-783-9255